| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

JOHN F. HAWKINS, §
§
    Petitioner, §
§
*versus* § CIVIL ACTION NO. 1:16-CV-506
§
DIRECTOR, TDCJ-ID, §
§
    Respondent. §

**MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

John F. Hawkins, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the petition be dismissed as successive.

The court has received the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

Petitioner styled his initial pleading as a "Request for an Evidentiary Hearing." He asked the court to conduct an evidentiary hearing in connection with his assertion that he received ineffective assistance of counsel in connection with a state criminal proceeding which resulted in a conviction for aggravated robbery. He faulted the state habeas trial court for not conducting a hearing in connection with a state application for writ of habeas corpus. The magistrate judge

construed the filing as a petition for writ of habeas corpus. After observing that a previous petition challenging the same conviction had been dismissed as barred by the applicable statute of limitations, the magistrate judge concluded that the current petition should be dismissed as successive.

In his objections, petitioner states he has satisfied the applicable statutory standard and is entitled to an evidentiary hearing. However, this court could only conduct an evidentiary hearing in connection with a properly filed petition for writ of habeas corpus. As a prior petition challenging petitioner's aggravated robbery conviction was dismissed as barred by the applicable statute of limitations, this court could only consider a petition challenging the same conviction if the United States Court of Appeals for the Fifth Circuit had granted petitioner permission to proceed with a successive petition. *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009). Petitioner does not allege he has received such permission. This court therefore lacks jurisdiction to entertain a challenge to his aggravated robbery conviction.

## ORDER

Accordingly, the objections filed by the parties are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered denying the petition.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a final judgment denying habeas relief may not proceed without such a certificate. *See* 28 U.S.C. § 2253. To be entitled to a certificate of appealability, the petitioner must make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make a substantial showing, the petitioner need

not establish he would prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his filing is successive is subject to debate among jurists of reason. The factual and legal questions raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

SIGNED at Beaumont, Texas, this 6th day of June, 2017.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE